**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:00-cr-00058-HDM-RAM |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| HUMBERTO MAGANA ARIAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

   Pro-se defendant, Humberto Magana Arias, has filed a request for production of documents as an indigent pro-se defendant [Docket No. 250]. No response was filed by the government and the time for doing so has passed.

   The defendant requests the court provide him with the trial transcripts, status hearing transcripts, sentencing transcripts, and a complete copy of the record in this case, 3:00-cr-0058-HDM-RAM. He contends these documents are necessary for him to further litigate his case, specifically, to prepare a habeas corpus petition contesting his conviction and sentence.

1

The defendant has filed numerous motions contesting his conviction and sentence. On January 10, 2006, he filed a petition for a review of sentence [Docket No. 152] that was denied on March 1, 2006 [Docket No. 158]. On July 3, 2006, he filed a 2255 motion to vacate his sentence [Docket No. 159] that was denied on October 26, 2006 [Docket No. 167]. On January 16, 2008, he filed a "motion to dismiss indictment because United States District Court lacked jurisdiction to try this case" [Docket No. 178] that was denied on February 26, 2008 [Docket No. 182]. On February 21, 2008, he filed a second 2255 motion to vacate [Docket No. 181] that was denied on November 14, 2008 [Docket No. 215]. There is no indication in the defendant's current motion [Docket No. 250] or based on the record before the court that the defendant does not have the requested material already.

In addition, the defendant has not yet filed his habeas corpus petition. 28 U.S.C. § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Section 753(f) does not authorize the court to order payment for transcripts if the defendant has not yet filed a habeas petition. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *see also U.S. v. Olsen*, 988 F.2d 124 (9th Cir. 1993). To obtain

transcripts, the defendant first must file a habeas petition. After he files a habeas petition, the court will decide whether he has also met the other conditions for obtaining transcripts at government expense under 28 U.S.C. § 753(f).

Based on the foregoing, the court concludes that the defendant is not entitled to transcripts free of cost or to a complete copy of the record in this case. Defendant's request for production of documents as an indigent pro-se defendant is DENIED without prejudice to renew should he file a habeas corpus petition. *U.S. v. Connors*, 904 F.2d 535 (9th Cir. 1990).

**IT IS SO ORDERED.**

DATED: This 3rd day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE