**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:00-cr-00058-HDM-RAM |
| | 3:00-cr-00109-HDM-RAM |
| Plaintiff, | |
| vs. | ORDER |
| HUMBERTO MAGANA ARIAS, | |
| Defendant. | |

The defendant's 28 U.S.C. § 2255 motion seeks relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 293 in 3:00-cr-58; ECF No. 61 in 3:00-cr-109). In *Johnson*, the Supreme Court held that the residual clause in the ACCA's definition of "violent felony" is unconstitutionally vague. Defendant was not charged or sentenced under the ACCA. Rather, the defendant's two offenses were grouped together for sentencing and his guideline range was driven up for his applicable drug offenses.

On March 6, 2017, the United States Supreme Court determined that *Johnson* does not apply to the Guidelines. *Beckles v. United States*, 580 U.S. — , 137 S. Ct. 886 (Mar. 6, 2017). As defendant's claim for relief depends on *Johnson* applying to the Guidelines and the Supreme

1

Court has held *Johnson* does not apply to the Guidelines, defendant is not entitled to any relief. Defendant's § 2255 motion seeking relief under *Johnson* (ECF No. 293 in 3:00-cr-58; ECF No. 61 in 3:00-cr-109) and his motion to file a reply (ECF No. 299 in 3:00-cr-58; ECF No. 64 in 3:00-cr-109) therefore must be and hereby are **DENIED**.

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

2

straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). The court has considered the issues raised by defendant with respect to whether they satisfy the standard for issuance of a certificate of appeal and determines that none meet that standard. The court will therefore deny defendant a certificate of appealability.

In accordance with the foregoing, Defendant's § 2255 motion seeking relief under *Johnson* (ECF No. 293 in 3:00-cr-58; ECF No. 61 in 3:00-cr-109) and his motion to file a reply (ECF No. 299 in 3:00-cr-58; ECF No. 64 in 3:00-cr-109) therefore must be and hereby are **DENIED**. The court further denies defendant a certificate of appealability.

IT IS SO ORDERED.

DATED: This 7th day of July, 2017.

_____
UNITED STATES DISTRICT JUDGE